## WABASH RY. CO. v. LUMLEY.

(Circuit Court of Appeals, Sixth Circuit. October 3, 1899.)

### No. 669.

EQUITY—REFORMATION OF RELEASE—LACHES.

A court of equity will not refuse to reform a release in aid of an action at law for a personal injury on the ground of laches in commencing the suit, where a reasonable excuse is shown, and it does not appear that the delay will result in the loss of material evidence to the defendant in the action.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

J. E. Ingersoll and Samuel T. Douglass, for appellant.

E. L. Thurston and Harvey D. Goulder, for appellee.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

LURTON, Circuit Judge. This is a bill to reform a release under seal. A demurrer going to the whole bill was sustained, and the bill dismissed. Upon a former appeal to this court that decree was reversed, and the cause remanded, with directions to overrule the demurrer. The opinion of this court is reported in 43 U. S. App. 476, 22 C. C. A. 60, and 76 Fed. 66, and may be referred to for the general facts of this case. The present appeal is from a final decree. upon pleadings and evidence, reforming the release according to the prayer of the bill. Many reasons have been assigned for reversing the present decree. Many of the points pressed are foreclosed by the former opinion of the court, which we have no disposition to question, even if open for reconsideration. We shall confine ourselves to errors assigned which are not determined in the former appeal.

1. It is said that Lumley should not be granted reformation of the release in question, because of his long delay. Lumley was hurt in October, 1890, and executed the release in question within a few days thereafter. This bill was filed in February, 1895. It is said that this is undue delay, and would result in great injustice if after such a length of time the appellant should now be compelled to defend an action for the injury adjusted by the release in question. Lumley's action at law for damages might have been brought at any time within six years. As matter of fact he brought an action early in 1894, which he dismissed, but renewed in July, 1894, after making a tender of the amount he had received for the release. The latter action came on for trial January, 1895, whereupon the railroad company pleaded this release in bar. The plaintiff thereupon offered evidence tending to show that the settlement evidenced by the release related only to certain specific injuries known and considered at the time, and that he was assured by the company's surgeon, whose opinion as to the character and extent of his injuries was relied upon by both parties, that his shoulder was not involved, save sympathetically. He also offered to show that he was misled by this opinion,

and that in fact his shoulder had sustained a grave, independent injury, from which he lost the use of his arm, and that neither party knew or considered this independent injury, or intended the release to cover more than the injuries then known, and the direct consequences thereof. This evidence was rejected upon the ground that the release was under seal, and could not be set aside at law for either fraud or mistake. The court thereupon permitted a mistrial to be entered, and the cause continued, on condition that a bill should be filed in equity to reform the release. It is now said that it would be a great injustice to set aside or reform this release, after a delay of four years, because four witnesses to the circumstances under which the injury was sustained have died, and the company thus deprived of their evidence. These persons were employés of the company at the time of the accident, and engaged at the time in or about the yard of the company where Lumley was hurt. But the very witness who proves that these persons are dead, and were at the time of Lumley's injury employed in or about the place of the accident, proves conclusively that neither Parrott nor Richardson knew anything of the circumstances of the accident, and that he could not say that Green knew anything of material interest. It is shown that the company habitually took the written statements of all employés acquainted with any particulars of an accident, and that these statements were filed away. Of the four deceased employés, only one of them (Harry Faes) gave a statement. This is a strong circumstance against the materiality of the other three as witnesses for the appellant. Faes is dead, and he gave a statement. It is not shown that that statement is lost, nor is there any evidence tending to show the materiality of anything known to Faes. A court of equity may refuse relief, in the exercise of its inherent powers, where it is sought after an unreasonable delay, and where the probability is that injustice would be done in the particular case, through the loss of evidence due to lapse of time; and this independently of any statute of limitations. Abraham v. Ordway, 158 U. S. 416, 15 Sup. Ct. 894; Whitney v. Fox, 166 U. S. 637, 17 Sup. Ct. 713. But the loss of material evidence is not shown by the evidence in this record, and it is not even made probable that injustice will result in the trial of the merits of the questions if the equitable relief here sought shall be granted. It is said, also, that one Kniffen, a witness to the release, has died. This does not appear in the record, but rests upon an ex parte affidavit. To rebut it, counsel for appellee, in an equally incompetent way, assert that Kniffen was examined as a witness upon the trial at law as to the circumstances under which this release was executed; and his evidence, as taken by a stenographer, is set out in the brief. If we open our ear to irregular evidence of Kniffen's death before the trial of the equity case, it must be equally open to the fact that his evidence could have been legally reproduced on the trial of the present issue. Neither is the delay in commencing suit altogether unaccounted for. It was months after the execution of the release before Lumley fully realized the great injury his shoulder had sustained. When he did, he at once wrote to the company's surgeon, and insisted that he had been misled, and should

not be held to the terms of his settlement. This letter was placed in the hands of the railroad company by the surgeon, which was thus notified of the probability of suit. Lumley was a resident of Canada, and a mechanic dependent wholly on his labor. His injury caused frightful and long-continued suffering, and deprived him of the ability to work clear down to the time of his suit. His poverty thus operated to prevent suit as promptly as might have been otherwise expected. Upon the whole case, we are not satisfied that any such laches is shown as would justify a court of equity in refusing to reform a release which, in the very nature of the circumstances, could never have been intended to include so serious an independent injury as that for which he has sued.

2. It is next said that Lumley was guilty of contributory negligence in being in the stock car, and that he ought to have been in the caboose provided for stockmen. It is also said that he was negligent in standing in the open door of the car, and was hurt by the closing of the door as a consequence of the jar produced by the ordinary contact between cars when brought together to be coupled. If the facts were so undisputed as to show that there was no merit in his action, a court of equity might properly refuse its aid in the prosecution of the suit at law. But no such undisputed state of facts is here shown as would justify a refusal to reform the release which stands in the way of his legal action. Lumley's evidence, if credited, tends to make a case of negligence in making up this train, and also tends to show that at the time of his injury he was in the discharge of his duty in being where he was. There is no error, and the decree will be affirmed.